UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ADRIANA L. LORENZANA,<br><br>    Defendant. | Case No. 5:13-cv-05925 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>Re: Dkt. No. 18 |

    On August 11, 2014, this court granted Plaintiff Joe Hand Promotions, Inc.'s ("Plaintiff") application for default judgment and awarded Plaintiff damages of $2,150 under 47 U.S.C. § 553(c)(3)(A)(ii) against Defendant Adriana L. Lorenzana, doing business as the Castroville Inn (hereinafter "Defendant"). See Docket Item No. 16. A judgment consistent with the order was filed the same day. See Docket Item No. 17.

    Presently before the court is Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). See Docket Item No. 18. The court has carefully reviewed this unopposed motion and finds it suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for November 7, 2014, will be vacated.

    Despite Plaintiff's protestations to the contrary, the reasoning underlying the default judgment was not erroneous. Thus, Plaintiff's motion will be denied for the reasons explained

1

Case No.: 5:13-cv-05925 EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

below.

## I. LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 59(e) may be granted on the following grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). A successful Rule 59(e) motion is an exception, not the norm, because it "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## II. DISCUSSION

Plaintiff believes the court committed error when it (1) awarded damages under 47 U.S.C. § 553 rather than 47 U.S.C. § 605, and (2) only awarded $2,150 because that amount "does not sufficiently compensate Plaintiff and does not sufficiently address the necessity of deterrence." These arguments are unpersuasive.

### A.   § 553 v. § 605

As to first argument, the court clearly explained why Plaintiff should be awarded damages under § 553, which applies to the unlawful interception of cable broadcasts, rather than under § 605, which applies to the unlawful interception of satellite broadcasts. The Complaint pled near identical counts under both sections, yet damages could only be awarded under one. See J & J Sports Prods., Inc. v. Ro, No. 09-CV-02860, 2010 U.S. Dist. LEXIS 21425, at *8, 2010 WL 668065 (N.D. Cal. Feb. 19, 2010). Recognizing that, the court chose the statute that best fit the circumstances. While Plaintiff's investigator was unable to determine the exact means used by Defendant to intercept the broadcast, he also stated that the Castroville Inn did not have a visible satellite dish. That being the case, it was a reasonable conclusion - and indeed more likely than not - that Defendant had intercepted the broadcast over a cable signal.

Relying on DirecTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008) ("Webb"), Plaintiff correctly argues it need not directly prove the means of surreptitious interception in the face of "sufficiently persuasive" circumstantial evidence. But Plaintiff's reliance on Webb is misplaced under these circumstances. In that case, there was a significant amount of circumstantial evidence to show that the defendant had, in fact, intercepted DirecTV's satellite signal. Here, in contrast, there was no "sufficiently persuasive" circumstantial evidence upon which the court could find that Defendant had intercepted a satellite broadcast as opposed to a cable broadcast. In fact, Plaintiff submitted a declaration which all but contradicted a damages award under § 605.[1]

Nor are Plaintiff's other arguments on this topic any more persuasive. Plaintiff cannot avail itself of the general rule that, in reviewing a request for default judgment, the "court takes 'the well-pleaded factual allegations' in the complaint 'as true.'" DirecTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007). The skeletal Complaint filed in this case contains no such facts; it simply parrots statutory language. It could have been filed against any defendant with a minimal amount of editing. The court therefore did not err by holding Plaintiff to its evidence rather than just accepting insubstantial allegations. See id.; see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

In addition, any identifiable "trend" in this district toward § 605 damages does not constitute precedent and, in any event, does not overcome the insufficiencies in Plaintiff's pleadings. Moreover, Plaintiff could have made this exact argument in the default judgment motion, but did not. See Kona Enters., Inc., 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

For this case, damages under § 553 was not an error.

---

[1] This statement concerning the absence of a satellite dish was unequivocal; according to the investigator, the Castroville Inn *did not* have one, hidden or otherwise. In contrast, the investigator left open the possibility of a hidden cable box at the Castroville Inn since he stated only that one was "not visible."

3
Case No.: 5:13-cv-05925 EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

### B.   Amount of Damages

Plaintiff believes the amount of damages awarded is insufficient to compensate it and to deter signal piracy, either in general or as to this specific defendant. The court disagrees. The amount awarded compensates Plaintiff for the amount of its loss - the $950 cost of the license - and was scaled to the minimal facts presented to justify anything more than that.

As to deterrence, Plaintiff recognizes that specific deterrence was considered in determining the damages amount and requires no additional discussion. For general deterrence, it simply does not follow that a total award which exceeds the cost of purchasing a license creates some "perverse incentive" to break the law. Lawful conduct would still be less expensive than unlawful conduct - by half the price when all is said and done. Furthermore, $2,150 is a sizable amount not only for Defendant, but also for the other small businesses who are routinely sued in this court for this particular type of conduct. Thus, to the extent general deterrence is a recognizable goal for damages under § 553, it was adequately fulfilled here. No error has been shown.

## III.   ORDER

Based on the foregoing, Plaintiff's Motion to Alter or Amend the Judgment (Docket Item No. 18) is DENIED. The hearing scheduled for November 7, 2014, is VACATED, and the Motion to Appear by Telephone (Docket Item No. 19) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 31, 2014



EDWARD J. DAVILA
United States District Judge

4

Case No.: 5:13-cv-05925 EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT